J-S56025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CYRUS E. CROSS | |
| Appellant | No. 3247 EDA 2016 |

Appeal from the Judgment of Sentence September 28, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0008998-2013

BEFORE:  BOWES, STABILE, and PLATT, [*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 30, 2017**

Appellant, Cyrus E. Cross, appeals from the September 28, 2016 judgment of sentence entered in the Court of Common Pleas of Montgomery County ("trial court") sentencing Appellant to 7 to 23 months' incarceration following the revocation of his parole.  Upon review, we affirm.

On October 27, 2014, Appellant pled guilty to two counts of passing bad checks and one count of securing the execution of documents by deception.[1] On February 2, 2015, the trial court sentenced Appellant to an aggregate of 7 to 23 months' incarceration followed by two years' probation.  Appellant stipulated to violating his parole at his September 28, 2016 **Gagnon**[2] II

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 4105(a)(1), 4105(a)(2), and 4114, respectively.

[2] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

hearing. At the conclusion of his **Gagnon** II hearing, the trial court revoked Appellant's parole and recommitted his sentence. The trial court did not make Appellant eligible for work release. Appellant filed a timely post-sentence motion on October 4, 2016, which included a motion to modify sentence. The trial court denied Appellant's post-sentence motion on October 14, 2016. Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises one issue on appeal, which we repeat verbatim.

I.     Did the trial court err in denying Appellant work release?

Appellant's Brief at 4.

Appellant challenges the discretionary aspects of sentencing. Appellant argues that the trial court did not account for the statutory factors when it recommitted Appellant following his probation violation. Before we can reach the merits of a discretionary aspects of sentencing challenge,

> [w]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Grays**, 167 A.3d 793, 815-16 (Pa. Super. 2017) (quoting **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006) (citations omitted)).

In the matter *sub judice*, Appellant filed a timely appeal, preserved the issue by filing a post-sentence motion, and complied with Pa.R.A.P. 2119(f). Thus, the only remaining inquiry is whether Appellant has raised a substantial question. Specifically, whether the trial court's sentence was manifestly excessive when it failed to make Appellant eligible for work release.

Generally speaking, when sentencing a defendant, a trial court must comply with the sentencing guidelines.

> In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing and taking effect under section 2155 (relating to publication of guidelines for sentencing, resentencing and parole and recommitment ranges following revocation). In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa.C.S.A. § 9721(b). However, "[u]pon revocation of parole, the only sentencing option available is recommitment to serve the balance of the term initially imposed." **Commonwealth v. Ware**, 737 A.2d 251, 253 (Pa. Super. 1999) (citing **Commonwealth v. Fair**, 497 A.2d 643 (Pa. Super. 1985)). "It is well settled that '[t]he sentencing guidelines do not apply to sentences imposed as a result of probation or parole revocations…'" **Ware**, 737 A.2d at

255 (quoting 204 Pa.Code § 303.1(b); *Commonwealth v. Cappellini*, 690 A.2d 1220, 1224 (Pa. Super. 1997)). Thus, the trial court was not required to comply with the guidelines. Therefore, Appellant's claim fails.

Even if the trial court was required to comply with the guidelines, Appellant's claim still fails. Following the *Gagnon* II hearing, the court explained the reason for the sentence imposed on the record. *See* N.T. Gagnon II Hearing, 9/28/16, at 17-22. Thus, we find that the trial court did not abuse its discretion when it denied Appellant's request for work release.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/30/2017